1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER WHITE, ZERITA              No.  2:14-cv-1603 JAM DAD PS
     WHITE, G'SHELLE WHITE AND
12   DANTRELL STEVENS,

13              Plaintiffs,              ORDER DIRECTING CLERK TO SEND
                                         MATERIALS FOR SERVICE, AND
14        v.                             REQUIRING SERVICE BY UNITED
                                         STATES MARSHAL
15   CITY OF VALLEJO, et al.,

16              Defendants.

17

18        Plaintiffs Christopher White, Zerita White, G'Shelle White and Dantrell Stevens are

19   proceeding pro se in the above entitled action.  The case was referred to the undersigned pursuant

20   to Local Rule 302(c)(21).

21        Plaintiffs commenced this action on July 8, 2014 by filing a complaint and a request by

22   plaintiff Christopher White to proceed in forma pauperis.  (Dkt. Nos. 1 & 2.)  On July 31, 2014,

23   the previously assigned Magistrate Judge issued an order denying plaintiff Christopher White's

24   application to proceed in forma pauperis without prejudice and ordering plaintiffs to either pay

25   the required filing fee or each file an application to proceed in forma pauperis.[1]  (Dkt. No. 3.)

26   /////

27

28   _____
     [1]  The matter was reassigned to the undersigned on February 4, 2015.  (Dkt. No. 25.)

                                          1

1  Each plaintiff filed an application to proceed in forma pauperis on August 8, 2014.  (Dkt. Nos. 4-

2  7.)

3      On August 29, 2014, plaintiffs filed an amended complaint.  (Dkt. No. 8.)  On September

4  19, 2014, the previously assigned Magistrate Judge issued an order granting plaintiffs' requests to

5  proceed in forma pauperis and ordering service on defendant City of Vallejo.[2]  (Dkt. No. 9.)  The

6  court's September 19, 2014 order, however, did not address all of the claims presented in

7  plaintiffs' amended complaint.  The undersigned will do so below.

8      The court must dismiss an in forma pauperis case at any time if the allegation of poverty is

9  found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a

10  claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See

11  28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or

12  in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,

13  1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous

14  where it is based on an indisputably meritless legal theory or where the factual contentions are

15  clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

16      To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

17  state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

18  570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

19  true the material allegations in the complaint and construes the allegations in the light most

20  favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

21  Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

22  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

23  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

24  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

25  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

26  /////

27

28  [2]  Defendant City of Vallejo filed an answer on November 21, 2014.  (Dkt. No. 15.)

2

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

Here, in their amended complaint plaintiffs allege that "[d]efendants Vallejo Police Officers . . . violated [p]laintiffs['] rights under California State tort law not to be subjected to assault and battery and the Fourth Amendment of the United States Constitution not to be unreasonably detained and subjected to excessive force . . . ."[3]  (Am. Compl. (Dkt. No. 8) at 1.) In this regard, as to plaintiff Christopher White, the amended complaint alleges that upon arriving at White's residence "[d]efendant Vallejo Police Officers Knight Badge #550, Long Badge #661 [and] Martinez #658" drew and pointed their guns at plaintiff Christopher White and his daughter without reasonable suspicion or probable cause.[4]  (Am. Compl. (Dkt. No. 8) at 2-3.)

The undersigned finds that, with respect to plaintiff Christopher White, the amended complaint appears to state cognizable claims for the violation of the Fourth Amendment and assault against defendants Knight, Long and Martinez.[5]  See Espinosa v. City and County of San

---

[3]  In their amended complaint plaintiffs also allege that defendant City of Vallejo "has a longstanding, practice, policy or custom of allowing police officers to use excessive force."  (Am Compl. (Dkt. No. 8) at 2.)

[4]  The amended complaint also alleges that plaintiff Christopher White was "detained at gun point and handcuffed for approximately 30 minutes" but does not allege which defendant was responsible for these alleged actions.  (Am. Compl. (Dkt. No. 8) at 3.)

[5]  With respect to plaintiffs Zerita White, G'Shelle White and Dantrell Stevens, the first amended complaint alleges that "Does 3-20" pointed their weapons at the plaintiffs, confined plaintiffs in their homes, ordered plaintiffs to lie on the ground, searched or seized them, etc.  (Am. Compl. (Dkt. No. 8) at 3-5.)  The use of Doe defendants is not favored.  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). However, in situations when the identity of the alleged defendants is unknown prior to the filing of the complaint, the plaintiff should be given the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities, or that the complaint would be dismissed on other grounds.  Id.  Although it is therefore permissible to use Doe defendant designations, it is also the case that the court cannot order service of a complaint on those defendants until those defendants are identified by their real names.

Francisco, 598 F.3d 528, 537 (9th Cir. 2010) ("pointing a loaded gun at a suspect, employing the threat of deadly force, is use of a high level of force"); Tekle v. United States, 511 F.3d 839, 845 (9th Cir. 2007) ("We have held that the pointing of a gun at someone may constitute excessive force, even if it does not cause physical injury."); Robinson v. Solano County, 278 F.3d 1007, 1015 (9th Cir. 2002) ("we have consistently applied the principle that drawing weapons and using handcuffs or other restraints is unreasonable in many situations"); see also Petta v. Rivera, 143 F.3d 895, 905 (5th Cir. 1998) ("A police officer who terrorizes a civilian by brandishing a cocked gun in front of that civilian's face may not cause physical injury, but he has certainly laid the building blocks for a section 1983 claim against him."); Young v. City of Visalia, 687 F.Supp.2d 1155, 1166 (E.D. Cal. 2010) ("The pointing of a gun at an individual has been noted to be a sufficient predicate for an assault claim.").

Accordingly, IT IS HEREBY ORDERED that:

1.  The Clerk of the Court is directed to issue process and to send plaintiffs an instruction sheet for service of process by the United States Marshal, three USM-285 forms, a summons form, and an endorsed copy of plaintiff's amended complaint filed August 29, 2014. (Dkt. No. 8.)

2.  Within thirty (30) days after this order is served, plaintiffs shall submit to the United States Marshal three properly completed USM-285 forms, three properly completed summons forms, and the number of copies of the endorsed amended complaint and of this order required by the United States Marshal; the required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to:  United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030).

3.  Within ten (10) days after submitting the required materials to the United States Marshals Service, plaintiffs shall file with this court a declaration stating the date on which they submitted the required documents to the United States Marshal.  Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

/////

/////

4

1         4.  Within thirty (30) days after receiving the necessary materials from plaintiffs,

2 the United States Marshal is directed to serve process on defendants Knight, Long and Martinez

3 without prepayment of costs.

4         5.  The Clerk of the Court is directed to serve a copy of this order on the United

5 States Marshal.

6         6.  Plaintiffs are cautioned that the failure to comply with this order may result in a

7 recommendation that this action be dismissed.

8 Dated:  June 4, 2015

9

10 _____

DALE A. DROZD

11 UNITED STATES MAGISTRATE JUDGE

12 DAD:6

Ddad1\orders.pro se\white1603.serve.docx

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28