1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER WHITE, ZERITA              No.  2:14-cv-1603 JAM KJN PS (TEMP)
     WHITE, G'SHELLE WHITE AND
12   DANTRELL STEVENS,

13                  Plaintiffs,             FINDINGS AND RECOMMENDATIONS

14          v.

15   CITY OF VALLEJO, et al.,

16                  Defendants.

17

18          Plaintiffs are proceeding pro se in this action.  This matter was referred to the undersigned

19   in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

20          On October 16, 2015, this matter came before the previously assigned Magistrate Judge

21   for a Status (Pretrial Scheduling) Conference.[1]  There was no appearance by or on behalf of

22   plaintiff Dantrell Stevens.  (Dkt. No. 36.)  On April 12, 2016, defendants filed a motion to dismiss

23   plaintiff Dantrell Stevens from this action for a lack of prosecution.  (Dkt. No. 38.)  Plaintiff

24   Dantrell Stevens failed to file a statement of opposition or non-opposition to defendants' motion

25   in violation of the Local Rules.

26   /////

27   _____

28   [1]  On November 6, 2015, this matter was reassigned from the previously assigned Magistrate
     Judge to the undersigned.  (Dkt. No. 37.)

                                                    1

1    Accordingly, on May 16, 2016, the undersigned issued an order to plaintiff Dantrell

2  Stevens, ordering him to show cause in writing as to why he should not be dismissed from this

3  action for a lack of prosecution and vacating the hearing of defendants' motion to dismiss.  (Dkt.

4  No. 42.)  That order warned plaintiff that the failure to file a timely response would result in a

5  recommendation that plaintiff Dantrell Stevens be dismissed from this action.  The fourteen day

6  period has long passed and plaintiff Dantrell Stevens has failed to respond to the court's order.

7                                                ANALYSIS

8    The factors to be weighed in determining whether to dismiss a case for lack of prosecution

9  are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need

10  to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring

11  disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v. City of

12  El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.

13  1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that

14  should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d

15  at 1260.

16    Failure of a party to comply with the any order of the court "may be grounds for

17  imposition by the Court of any and all sanctions authorized by statute or Rule or within the

18  inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself

19  without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local

20  Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable

21  rules and law may be grounds for dismissal or any other sanction appropriate under the Local

22  Rules.  Id.

23    Here, plaintiff Dantrell Stevens has failed to appear at a hearing, failed to comply with the

24  Local Rules and failed to comply with orders of this court.  Despite being warned that his

25  inactivity would result in a recommendation that he be dismissed from this action, plaintiff

26  Dantrell Stevens has failed to respond to the court's order in any manner.

27    Plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions

28  futile.  Moreover, the public interest in expeditious resolution of litigation, the court's need to

1    manage its docket, and the risk of prejudice to the defendants all support the imposition of the

2    sanction of dismissal.  Only the public policy favoring disposition on the merits counsels against

3    dismissal.  However, plaintiff's failure to comply with the court's order and prosecute this action

4    makes disposition on the merits an impossibility.  The undersigned therefore recommends that

5    Dantrell Stevens be dismissed from this action due to his failure to prosecute and failure to

6    comply with the court's orders.  See FED. R. CIV. P. 41(b).

7            Accordingly, IT IS HEREBY RECOMMENDED that:

8            1)  Defendants' April 12, 2016 motion to dismiss (Dkt. No. 38) be denied, without

9    prejudice, as having been rendered moot; and

10           2)  Plaintiff Dantrell Stevens be dismissed from this action.

11           These findings and recommendations are submitted to the United States District Judge

12   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

13   after being served with these findings and recommendations, any party may file written

14   objections with the court and serve a copy on all parties.  Such a document should be captioned

15   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

16   within the specified time may waive the right to appeal the District Court's order.  Turner v.

17   Duncan, 158 F.3d 449, 455 (9th Cir.1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir.

18   1991).

19   Dated:  June 28, 2016

20                                              _____
                                                KENDALL J. NEWMAN
21                                              UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28   \white1603.osc.dlop.f&rs.docx

                                                3