UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WHITE, ZERITA WHITE, G'SHELLE WHITE AND DANTRELL STEVENS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VALLEJO, et al.,<br><br>Defendants. | No. 2:14-cv-1603 JAM DB PS<br><br>ORDER |

This action came before the court on October 7, 2016, for hearing of plaintiffs' motion to compel. After consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing, the court granted plaintiffs' motion to compel. However, in granting plaintiffs' motion to compel, the court determined that defendant City of Vallejo's production should be made pursuant to a protective order.

Accordingly, IT IS HEREBY ORDERED that:

1. In order to protect the confidentiality of the records produced by defendant said records disclosed are designated as "Confidential Material."

2. Confidential Material may not be disclosed except as set forth in paragraphs 3-5.

////

////

1

3. Confidential Material may be disclosed only to the following persons:

    a. Counsel for any party to this action;

    b. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in [3](a);

    c. Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

    d. Any outside expert or consultant retained in connection with this action and not otherwise employed by either party;

    e. Any "in house" expert designated by Defendant to testify at trial in this matter;

    f. Witnesses, other than the Plaintiff herein, who may have the documents disclosed to them during deposition proceedings; the witnesses may not leave the depositions with copies of the documents, and shall be bound by the provisions of paragraph 5;

    g. Any neutral evaluator or other designated ADR provider;

    h. Parties to this action; and

    i. The jury, should this matter go to trial.

4. Each person to whom disclosure is made, with the exception of counsel who are presumed to know of the contents of this protective order, shall, prior to disclosure: (1) be provided with a copy of this order by the person furnishing him/her such material, and (2) agree on the record or in writing that she/he has read the protective order and that she/he understand the provisions of the protective order. Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District, with respect to any proceeding relating to the enforcement of this order. Defendant City of Vallejo and the named Defendants herein shall be entitled to retain possession of the original writings described above. Nothing in this paragraph 4 is intended to prevent officials or employees of the City of Vallejo or other authorized

government officials or any other persons from having access to the documents if they would have had access in the normal course of their job duties or rights as a citizen. Further, nothing in this order prevents a witness from disclosing events or activities personal to them, i.e., a witness can disclose to others previous information given to the City of Vallejo with respect to what she/he saw, heard, or otherwise sensed.

5. At the conclusion of the trial and of any appeal or upon other termination of this litigation, all Confidential Material received under the provision of this order (including any copies made) shall be delivered back to the City of Vallejo. Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until all Confidential Material (including all copies thereof) are returned to Defendants.

6. Should a party intend to file Confidential Material with the court, as an exhibit to a pleading or otherwise, that party must first notify all other parties (defendants through their attorneys or plaintiff pro se), no less than fourteen days before the intended filing date, giving any such party reasonable notice and an opportunity to apply to the court for an order to file the material under seal. No document shall be filed under seal unless a party secures a court order allowing the filing of a document under seal in accordance with the provisions of E.D. Local Rule 141.

7. Nothing in this order shall preclude a party from showing or disclosing any documents, e.g., deposition transcript, pleading or brief, which otherwise contain Confidential Material as defined in paragraph 1, as long as such document has been redacted so as to prevent disclosure of such Confidential Material.

8. The foregoing is without prejudice to the right of any party (a) to apply to the Court for a further protective order relating to any Confidential Material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the Confidential Material designation from any document; and (c) to apply to the Court for an order compelling production of documents or modification of this order or for

3

1
2
      any order permitting disclosure of Confidential Materials beyond the terms of this order.

3
4
5
6
7
  9. Upon receipt of this Protective Order and disclosure of the Confidential Material it will be presumed that plaintiff knows of the contents of this Protective Order, understands the provisions of this Protective Order and consents to be subject to the jurisdiction of the United States District Court, Eastern District, with respect to any proceeding relating to the enforcement of this Protective Order.[1]

8
9
10
11
  10. Prior to the release of Confidential Material, defendants shall redact any birth dates, social security numbers, driver's license numbers and home addresses, while providing plaintiff with a log containing identifying numbers corresponding to the officer names that have been redacted.

12
13
  11. Confidential Material disclosed may be used in the litigation of this action only, and not for any other purpose.

14
15
16
17
18
19
  12. The plaintiffs in this action may disclose Confidential Material to one person not otherwise identified in section 3 above, provided that the plaintiffs deem the disclosure necessary to aid plaintiffs' prosecution of this action; AND the person completes the ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND attached to this Protective Order as EXHIBIT A; AND plaintiffs file a copy of the completed ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND with the Court.

20 ////
21 ////
22 ////
23 ////
24 ////
25 ////

---

[1] In this regard, a plaintiff need not agree on the record or in writing that plaintiff has read the protective order and that plaintiff understands the provisions of the protective order. Accordingly, plaintiffs are advised to carefully study this order and seek clarification of any issue arising therefrom if necessary.

13. Violation of the terms of this Protective Order <u>MAY SUBJECT</u> a party, AND ANY SIGNATORIES WHO VIOLATE THE PROTECTIVE ORDER, to any and all permissible SANCTIONS, including dismissal.

DATED: October 7, 2016                    /s/ DEBORAH BARNES
                                          UNITED STATES MAGISTRATE JUDGE

DLB:6
DLB1\orders.pro se\white1603.prot.ord

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of <u>Christopher White, et al. v. City of Vallejo, et al.</u>, No. 2:14-cv-1603 JAM DB PS.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____