1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

| | |
|---|---|
| CHRISTOPHER WHITE, ZERITA WHITE, G'SHELLE WHITE AND DANTRELL STEVENS,<br><br>                Plaintiffs,<br><br>   v.<br><br>CITY OF VALLEJO, et al.,<br><br>                Defendants. | No.  2:14-cv-1603 JAM DB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

11

12

13

14

15

16

17

Plaintiffs are proceeding in this action pro se.  This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

18

19

On January 31, 2017, defendants filed a motion for summary judgment and noticed that motion for hearing before the undersigned on March 3, 2017.  (ECF No. 69.)  Pursuant to Local Rule 230(c) plaintiffs were to file oppositions or statements of non-opposition to defendants' motion "not less than fourteen (14) days preceding the noticed . . . hearing date."  No plaintiff, however, filed a timely opposition or statement of non-opposition.

20

21

22

23

24

Accordingly, on February 24, 2017, the undersigned issued an order to show cause in writing within fourteen days as to why this action should not be dismissed for lack of prosecution.  (ECF No. 71.)  Plaintiffs were cautioned that failure to file a written response to that order could result in the undersigned recommending that this matter be dismissed.  (Id. at 2.)  Nonetheless,

25

26

27

28

1

1  the time provided plaintiffs has expired and no plaintiff has not responded to the order to show

2  cause in any way.

ANALYSIS

4      The factors to be weighed in determining whether to dismiss a case for lack of prosecution

5  are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need

6  to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring

7  disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v. City of

8  El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.

9  1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that

10  should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d

11  at 1260.

12      Failure of a party to comply with the any order of the court "may be grounds for

13  imposition by the Court of any and all sanctions authorized by statute or Rule or within the

14  inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself

15  without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local

16  Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable

17  rules and law may be grounds for dismissal or any other sanction appropriate under the Local

18  Rules.  Id.

19      Here, plaintiffs failed to file a statement of opposition or non-opposition to defendants'

20  motion for summary judgment.  The undersigned issued an order to show cause that provided

21  plaintiffs with an opportunity to show good cause for their conduct, along with a further

22  opportunity to oppose defendants' motion.  Plaintiffs failed to respond to that order in any way.

23  The order to show cause specifically warned plaintiffs that the failure to file a written response to

24  that order could result in a recommendation that this matter be dismissed.

25      Plaintiffs' lack of prosecution of this case renders the imposition of monetary sanctions

26  futile.  Moreover, the public interest in expeditious resolution of litigation, the court's need to

27  manage its docket, and the risk of prejudice to the defendant all support the imposition of the

28  sanction of dismissal.  Only the public policy favoring disposition on the merits counsels against

2

1  dismissal.  However, plaintiffs' failure to prosecute the action in any way makes disposition on

2  the merits an impossibility.  The undersigned will therefore recommend that this action be

3  dismissed due to plaintiffs' failure to prosecute as well as plaintiffs' failure to comply with the

4  court's orders.  See Fed. R. Civ. P. 41(b).

5        Accordingly, IT IS HEREBY ORDERED that:

6        1)  All future hearing dates in this action are vacated; and

7        2)  Defendants' January 31, 2017 motion for summary judgment (ECF No. 69) is denied

8  without prejudice as having been rendered moot.[1]

9        Also, IT IS HEREBY RECOMMENDED that:

10        1)  Plaintiff's August 29, 2014 amended complaint (ECF No. 8) be dismissed without

11  prejudice; and

12        2)  This action be closed.

13        These findings and recommendations are submitted to the United States District Judge

14  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

15  after being served with these findings and recommendations, any party may file written

16  objections with the court and serve a copy on all parties.  Such a document should be captioned

17  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

18  shall be served and filed within fourteen days after service of the objections.  The parties are

19  advised that failure to file objections within the specified time may waive the right to appeal the

20  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21  Dated:  March 23, 2017

23  DEBORAH BARNES
24  UNITED STATES MAGISTRATE JUDGE

25  DLB:6
DB/orders/orders.pro se/white1603.dlop.f&rs
26

27  _____
[1]  In the event the assigned District Judge does not adopt these findings and recommendation,
28  defendants may re-notice their motion for summary judgment for hearing before the undersigned.

3